Banco Comercial de Puerto Rico, Demandante y Apelado, *v.* Rodríguez et al., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre cobro de una suma de dinero.

No. 1097.—Resuelto en abril 16, 1914.

Sentencia Fundada en las Admisiones del Demandado—Materia Nueva Alegada en la Contestación—Falta de Prueba de Ambas Partes.—Cuando

el demandado admite todos los hechos esenciales de la demanda y no presenta prueba alguna en apoyo de la materia nueva alegada en su contestación, la corte puede dictar sentencia condenatoria contra él sin necesidad de que el demandante presente prueba alguna en apoyo de la demanda.

PAGARÉS—PRÓRROGA—PRUEBAS.—El demandado que alega como defensa la prórroga de un pagaré está obligado a probar dicha defensa.

ID.—ADMISIÓN DE LA AUTENTICIDAD DE UN PAGARÉ.—Cuando en una demanda se inserta un pagaré y el demandado no niega su autenticidad bajo juramento al contestar la demanda, el tribunal puede considerar probada su autenticidad y también la fecha del vencimiento en él consignada sin necesidad de que el demandante presente el documento como prueba y si el demandado no prueba que fué prorrogado.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. A. Sarmiento.*

Abogado de los apelantes: *Sr. Manuel F. Rossy.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El Banco Comercial de Puerto Rico demandó a los apelantes Carlos Rodríguez Altiery y su esposa María Ribas Calderón, ante el Tribunal de Distrito de San Juan, Sección 1ª., reclamándoles el pago de $3,700, que según un documento inserto en la demanda había recibido el esposo, constante su matrimonio, de dicho Banco Comercial y que se comprometió a pagar el día 30 de julio de 1913, garantizando el pago con prenda de algunos títulos comprensivos de acciones y con una segunda hipoteca sobre cierta finca de los demandados.

Los demandados contestaron esa demanda reconociendo la certeza de sus alegaciones, y entre ellas la que inserta el pagaré, pero agregando que si bien éste vencía en 30 de julio de 1913, entendían ellos que se había prorrogado por otros cuatro meses más, según dedujo el demandado Rodríguez de una conversación que tuvo con el director de dicho banco. Los demandados no comparecieron al acto del juicio y habiendo pedido el banco demandante que se dictara sentencia sin necesidad de prueba, toda vez que los demandados habían aceptado en su contestación los hechos de la demanda, dicho tribunal dictó sentencia en 22 de diciembre de 1913, por la cual condenó a los demandados a pagar a la parte demandante los $3,700 reclamados, sus intereses a razón del 12 por ciento

anual desde el 31 de julio de 1913 hasta la fecha del pago, costas y honorarios de abogado, contra cuyo fallo interpusieron los demandados el presente recurso de apelación.

Los motivos en que los apelantes se apoyan para solicitar la revocación de la sentencia son que el demandante no presentó prueba de su acción ni tampoco el documento original de la obligación reclamada.

Es cierto que al actor incumbe la prueba de su acción, pero tal prueba no es necesaria cuando el demandado acepta los hechos esenciales de la demanda suficientes para dictar una sentencia condenatoria. Los demandados aceptaron en este caso la existencia de la obligación consignada en el pagaré que reconocieron como cierta, y también que si bien vencía en julio 30, 1913, entendieron que se prorrogó a otros cuatro meses más por lo que negaron el vencimiento aducido por el demandante por causa de esta prórroga. Esta alegación de los demandados constituía una defensa cuya prueba les incumbía y que no presentaron en el juicio. El pagaré reconocido y aceptado por los demandados demuestra por sí mismo que la deuda estaba vencida, y si era cierto que fué prorrogado debieron los demandados probar este extremo, ya que según el artículo 132 del Código de Enjuiciamiento Civil la exposición de cualquier materia nueva en la contestación en apoyo de una oposición o reconvención deberá en el juicio considerarse como impugnada por la parte contraria. Por tanto, la prueba de este particular correspondía a los demandados.

En el presente caso no se infringió tampoco el artículo 24 de la Ley de Evidencia por no haber presentado el banco demandante el escrito original que contiene la obligación de pago reclamada, porque habiendo sido reconocida su existencia por los demandados y no habiendo negado su autenticidad bajo juramento al contestar la demanda, según exige el artículo 119 del Código de Enjuiciamiento Civil, el tribunal estaba justificado al considerar probada su autenticidad, y por consiguiente no era necesario presentar tal documento.

No vemos motivo para revocar la sentencia apelada, y debe por tanto, ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.